# SMITH *v.* LYON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES ·FOR THE
EASTERN DISTRICT OF MISSOURI.

No. 1164. Submitted January 6, 1890. — Decided February 3, 1890.

Under the act of March 3, 1887, 24 Stat. 552, c. .373, as amended by the act
of August 13, 1888, 25 Stat. 433, c. 866, a Circuit Court of the United
States has not jurisdiction, on the ground of diverse citizenship, if
there are two plaintiffs to the action, who are citizens of and residents in
different States, and the defendant is a citizen of and resident in a third
State, and the action is brought in the State in which one of the plain-
tiffs resides.

THIS action was dismissed by the court below for want of.
jurisdiction, to which judgment the plaintiffs below sued out
this writ of error. The case is stated in the opinion.

*Mr. Jefferson Chandler* for plaintiffs in error.

*Mr. R. C. Foster* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the Circuit Court for the Eastern
District of Missouri. It was dismissed in that court for want
of jurisdiction, and judgment rendered accordingly ; to which
this writ of error is prosecuted. 38 Fed. Rep. 53.

The facts out of which the controversy arises are found in
the first few lines of plaintiffs' petition. In this they allege
that they are partners doing business under the firm name of
C. H. Smith & Co. ; that the said C. H. Smith is a resident and
citizen of St. Louis, in the State of Missouri, and Benjamin
Fordyce is a resident and citizen of Hot Springs, in the State
of Arkansas ; and that the defendant O. T. Lyon is a resident
and citizen of Sherman, in the State of Texas.

To this petition, which set out a cause of action otherwise
sufficient, the defendant Lyon, who was served with the sum-
mons in the Eastern District of Missouri, filed a plea to the

jurisdiction of the court, appearing by attorney especially for that purpose, the ground of which is, that one of the plaintiffs, Benjamin Fordyce, is and was at the time of the institution of this suit a resident and citizen of Hot Springs, in the State of Arkansas, and the defendant was a resident and citizen of Sherman, in the State of Texas, and that the suit was not brought in the district of the residence of either the plaintiff Fordyce, or of the defendant.

The motion to dismiss for want of jurisdiction was sustained by the Circuit Court, and the soundness of that decision is the question which we are called upon to decide.

The decision of it depends upon the proper construction of the first section of the act of Congress approved March 3, 1887, 24 Stat. 552, c. 373, as amended by the act of August 13, 1888, 25 Stat. 433, c. 866. That statute professes to be an act to amend the act of March 3, 1875, and its object is "to determine the jurisdiction of Circuit Courts of the United States, and to regulate the removal of causes from the state courts, and for other purposes." The first section of the act confers upon the Circuit Courts of the United States original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds the sum of $2000, and arising under the Constitution or laws of the United States or treaties made or which shall be made under their authority. It then proceeds to establish a jurisdiction in reference to the parties to the suit. These are controversies in which the United States are plaintiffs, or in which there shall be a controversy between citizens of different States, with a like limitation upon the amount in dispute, and other controversies between parties which are described in the statute. This first clause of the act describes the jurisdiction common to all the Circuit Courts of the United States, as regards the subject matter of the suit, and as regards the character of the parties who by reason of such character may, either as plaintiffs or defendants, sustain suits in Circuit Courts. But the next sentence in the same section undertakes to define the jurisdiction of each one of the several Circuit Courts of the United States with reference to its terri-

torial.limits, and this clause declares "that no person shall be arrested in one district for trial in another in any civil action before a Circuit or District Court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

In the case before us, one of the plaintiffs is a citizen of the State where the suit is brought, namely, the State of Missouri, and the defendant is a citizen of the State of Texas. But one of the plaintiffs is a citizen of the State of Arkansas. The suit, so far as he is concerned, is not brought in the State of which he is a citizen. Neither as plaintiff nor as defendant is he a citizen of the district where the suit is brought. The argument in support of the error assigned is that it is sufficient if the suit is brought in a State where one of the defendants or one of the plaintiffs is a citizen. This would be true if there were but one plaintiff or one defendant. But the statute makes no provision, in terms, for the case of two defendants or two plaintiffs who are citizens of different States. In the present case, there being two plaintiffs, citizens of different States, there does not seem to be, in the language of the statute, any provision that both plaintiffs may unite in one suit in a State of which either of them is a citizen.

It may be conceded that the question thus presented, if merely a naked one of construction of language in a statute, introduced for the first time, would be one of very considerable doubt. But there are other considerations which must influence our judgment, and which solve this doubt in favor of the proposition that such a suit cannot be sustained.

The original judiciary act of 1789, which established the courts of the United States and defined their jurisdiction, declared in reference to the Circuit Courts, in section 11 of that act, 1 Stat. 78, that "the Circuit Courts shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity,

where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners; or an alien is a party, or the suit is between a citizen of the State where the suit is brought and a citizen of another State." The construction of this phrase, " where the suit is between a citizen of the State where the suit is brought and a citizen of another State," came before the Supreme Court at an early day in the case of *Strawbridge* v. *Curtiss*, 3 Cranch, 267 ; and Chief Justice Marshall delivered the opinion of the court, which was without dissent, in the following language :

"The court understands these expressions" [referring to the words "suit between a citizen of the State where the suit is brought and a citizen of another State"] "to mean that each distinct interest should be represented by persons, all of whom are entitled to sue or may be sued in the federal courts. That is, that where the interest is joint each of the persons concerned in that interest must be competent to sue, or liable to be sued, in the courts of the United States."

This construction has been adhered to from that day to this, and, although the statutes have modified the jurisdiction of the court as regards the amount in controversy and in many other particulars, the language construed by the court in *Strawbridge* v. *Curtiss* has been found in all of them. This statute, conferring and defining the jurisdiction of Circuit Courts of the United States, has been reënacted and recast several times since the original decision of *Strawbridge* v. *Curtiss*. The first of these was the general revision of the statutes of the United States, passed in 1874, in which the language of the statute of 1789 is supposed to be reproduced accurately. But an act of March 3, 1875, 18 Stat. 470, c. 137, undertook to recast the jurisdiction of the Circuit Courts, and its first section, the important one in this connection, contains the same language in regard to the jurisdiction of the court in controversies between citizens of different States, and also the provision that no civil suit shall be brought in either of said courts by any original process or proceeding in any other district than that whereof he is an inhabitant or in which he

shall be found at the time of serving process. The statute remained in this condition until the act of 1887, which we are now considering, as amended by the act of August 13, 1888, 25 Stat. 433.

During this period, and since the case of *Strawbridge* v. *Curtiss*, this jurisdictional clause has been frequently construed by this court, and that case has been followed. In the case of *New Orleans* v. *Winter*, 1 Wheat. 91, the same question arose, and was decided in the same way. In the case of *Coal Company* v. *Blatchford*, 11 Wall. 172, Mr. Justice Field, referring to these decisions, states the effect of them in the following language:

"In other words, if there are several coplaintiffs, the intention of the act is that each plaintiff must be competent to sue, and if there are several codefendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained."

The question was very fully considered in the case of *The Sewing Machine Companies*, 18 Wall. 553, where the same proposition is stated in almost identical language. And in the case of *Peninsular Iron Company* v. *Stone*, 121 U. S. 631, the Chief Justice reviews all these cases and reäffirms the doctrine as applicable to cases arising under the act of 1875.

The statute which we are now construing leaves out the provision that if the party has the diverse citizenship required by the statute he may be sued in any district where he may be found at the time of the service of process. The omission of these words, and the increase of the amount in controversy necessary to the jurisdiction of the Circuit Court, and the repeal of so much of the former act as allowed plaintiffs to remove causes from the state courts to those of the United States, and many other features of the new statute, show the purpose of the legislature to restrict rather than to enlarge the jurisdiction of the Circuit Courts, while, at the same time, a suit is permitted to be brought in any district where either plaintiff or defendant resides.

We do not think, in the light of this long-continued construction of the statute by this court during a period of nearly a hundred years, in which the statute has been the subject of

renewed legislative consideration and of many changes, it has always retained the language which was construed in the case of *Strawbridge* v. *Curtiss*, that we are at liberty to give that language a new meaning, when it is used in reference to the same subject matter. It is not readily to be conceived that the Congress of the United States, in a statute mainly designed for the purpose of restricting the jurisdiction of the Circuit Courts of the United States, using language which has been construed in a uniform manner for over ninety years by this court, intended that that language should be given a construction which would enlarge the jurisdiction of those courts, and which would be directly contrary to that heretofore placed upon it by this court.

*These considerations require the affirmance of the judgment of the Circuit Court, and it is so ordered.*