## LASKEY *et al. v.* NEWTOWN MIN. CO.

### *(Circuit Court, S. D. California.* May 16, 1892.)

JURISDICTION OF CIRCUIT COURT—DIVERSE CITIZENSHIP—PLEADING.
 Where the jurisdiction of the circuit court is founded only on the fact of diverse citizenship, the complaint must show that either plaintiff or defendant resides within the district in which the action is brought.

At Law. Action by L. Laskey and A. R. Conklin against the Newtown Mining Company. Demurrer for want of jurisdiction. Sustained.

*Garber, Boalt & Bishop,* for plaintiffs.
*Reddy, Campbell & Metson,* for defendant.

Ross, District Judge. The complaint filed in this case, to which a demurrer is interposed, shows upon its face diverse citizenship of the parties, but it does not allege that either the plaintiffs or defendant reside within this judicial district; and the question presented and argued by counsel is whether, under the provisions of the present judiciary act, it is essential that the complaint should show that the suit is brought in the district of the residence of either the plaintiff or defendant, where, as here, jurisdiction is founded only on the fact that the action is between citizens of different states. The judiciary act of 1789, after prescribing the cases in which the United States circuit courts should have original cognizance, provided as follows:

"And no civil suit shall be brought before either of said courts against an inhabitant of the United States by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." 1 U. S. St. at Large, p. 78 *et seq.*

Substantially the same provision was incorporated into the Revised Statutes, (section 739,) and into the judiciary act of 1875, (18 U. S. St. at Large, p. 470 *et seq.*)     Under each of those acts a defendant might be sued, not only in the district of which he was an inhabitant, but also in any district in which he was found at the time of serving the writ; and it was repeatedly held that the provision in those acts in respect to the district in which every civil suit should be brought was not a jurisdictional requirement, but the grant of a privilege to the defendant, which might be waived; and, therefore, that it was not necessary to aver that the defendant was an inhabitant of the district, or was found therein. *Gracie* v. *Palmer*, 8 Wheat. 699, and authorities cited in note to section 739, Desty, Fed. Proc.    The act of March 3, 1887, (24 St. p. 552,) as amended by the act of August 13, 1888, (25 St. p. 433,) leaves out the provision that if the defendant have the diverse citizenship required by the statute he may be sued in any district where he may be found at the time of the service of process.

"The omission of these words," said the supreme court in *Smith* v. *Lyon*, 133 U. S. 315, 10 Sup. Ct. Rep. 303, "and the increase of the amount in controversy necessary to the jurisdiction of the circuit court, and the repeal of so much of the former act as allowed plaintiffs to remove causes from the state courts to those of the United States, and many other features of the new statute, show the purpose of the legislature to restrict rather than to enlarge the jurisdiction of the circuit courts, while, at the same time, a suit is permitted to be brought in any district where either plaintiff or defendant resides."

This latter provision of the act of March 3, 1887, as amended by that of August 13, 1888, is, according to the decision of the court in the case of *Smith* v. *Lyon*, jurisdictional.    The court there say:

"The first section of the act confers upon the circuit courts of the United States original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds the sum of $2,000, and arises under the constitution or laws of the United States, or treaties made or which shall be made under their authority.    It then proceeds to establish a jurisdiction in reference to the parties to the suit.    These are controversies in which the United States are plaintiffs, or in which there shall be a controversy between citizens of different states, with a like limitation upon the amount in dispute, and other controversies between parties which are described in the statute.    This first clause of the act describes the jurisdiction common to all the circuit courts of the United States, as regards the subject-matter of the suit, and as regards the character of the parties who, by reason of such character, may, either as plaintiffs or defendants, sustain suits in circuit courts.    But the next sentence in the same section undertakes to define the jurisdiction of each one of the several circuit courts of the United States with reference to its territorial limits, and this clause declares ' that no person shall be arrested in one district for trial in another in any civil action before a circuit or district court, and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.'    In the case before us, one of the plaintiffs is a citizen of the state where the suit is brought, namely, the state of Missouri, and the defendant is a citizen of the state of

Texas. But one of the plaintiffs is a citizen of the state of Arkansas. The suit, so far as he is concerned, is not brought in the state of which he is a citizen. Neither as plaintiff nor as defendant is he a citizen of the district where the suit is brought. The argument in support of the error assigned is that it is sufficient if the suit is brought in a state where one of the defendants or one of the plaintiffs is a citizen. This would be true if there were but one plaintiff or one defendant. But the statute makes no provision, in terms, for the case of two defendants or two plaintiffs who are citizens of different states. In the present case, there being two plaintiffs, citizens of different states, there does not seem to be, in the language of the statute, any provision that both plaintiffs may unite in one suit in a state of which either of them is a citizen. It may be conceded that the question thus presented, if merely a naked one of construction of language in a statute, introduced for the first time, would be one of very considerable doubt. But there are other considerations which must influence our judgment, and which solve this doubt in favor of the proposition that such a suit cannot be sustained."

This decision is, I think, conclusive of the question here. It is well settled that the circuit courts have no jurisdiction except such as is conferred by the constitution and laws of the United States, and that to bring a case within it the jurisdiction must be affirmatively shown. It would seem to follow, necessarily, that the complaint or other pleading by which the suit is commenced must show that the case is within the jurisdiction of the court; and as, under the present statute, if I correctly interpret the decision of the supreme court in the case of *Smith* v. *Lyon, supra,* the circuit court has no jurisdiction of a suit where jurisdiction is founded only on the fact that the action is between citizens of different states unless brought in the district of the residence of either the plaintiff or defendant, a complaint in such a case must show that either the plaintiff or defendant resides within the district in which the suit is brought, in order to overcome the adverse presumption, and that jurisdiction be affirmatively shown. *Timmons* v. *Land Co.,* 139 U. S. 378, 11 Sup. Ct. Rep. 585. It was held in *Coal Co.* v. *Blatchford,* 11 Wall. 172, that where the want of jurisdiction is made manifest by the affirmative averments of a bill the defect may be taken advantage of by demurrer. No reason is perceived why the objection may not also be taken by demurrer where the want of jurisdiction is manifest because of the absence of averments necessary to show jurisdiction. Demurrer sustained, with leave to plaintiffs to amend the complaint within 20 days, if they shall be so advised.