ELLSWORTH TRUST CO. et al. v. PARRAMORE et al.

(Circuit Court of Appeals, Fifth Circuit. May 14, 1901.)

No. 942.

1. JURISDICTION OF FEDERAL COURT—CORPORATION—SERVICE OF PROCESS.
    Jurisdiction is not acquired by a federal court over a corporation defendant shown by the bill to have been organized under the laws of another state, and to have its place of business in such state, by service of process in a third state upon an officer of the corporation there found.[1]
2. APPEARANCE—WAIVER OF SERVICE—SPECIAL APPEARANCE.
    A special appearance by defendants to object to the court's jurisdiction over their persons on any ground is not a waiver of legal service.

Appeal from the Circuit Court of the United States for the Southern District of Florida.

E. P. Axtell, for appellants.
W. L. Palmer and J. Parker, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

[1] Service of process on foreign corporations, see note to Eldred v. Palace Car, 45 C. C. A. 3.

PARDEE, Circuit Judge. This is a bill to remove clouds from and to quiet title to certain real estate in Volusia county, state of Florida, and was filed in the circuit court May 4, 1893. It was sworn to by John M. Bradshaw, who made oath that he was the agent of the complainants, and that the defendant E. S. Ellsworth was a nonresident of the state of Florida, residing in Hardin county, state of Iowa; that his business address was "521 Chamber of Commerce, Chicago, Illinois," and that the Ellsworth Trust Company was a corporation organized and existing under the laws of the state of Iowa; that it was a nonresident of the state of Florida, and that its place of business and post-office address were Iowa Falls, Iowa. On the 3d day of June, a subpoena was issued, directed to the said Ellsworth Trust Company and E. S. Ellsworth, commanding them to appear before the court on the next rule day, and was directed to the marshal of the United States to execute and return. On this subpoena a return was entered the same day, as follows: "Received this within subpoena on the 2d day of June, 1893, at Jacksonville, Florida, and failed to find the within-named defendants in this district,"—signed by the marshal; and again, this further return:

"Northern District of Illinois. I have served the within writ upon the Ellsworth Trust Company, therein named, by delivering a true copy thereof to E. S. Ellsworth, president of said company, on the 5th day of June, A. D. 1893. And also on the same day I served said writ upon E. S. Ellsworth personally by delivering to him a true copy thereof.
"Frank Hitchcock, Marshal, by Geo. N. Jones, Deputy."

On the 3d day of July the following motion was entered:

"And now, on this rule day, in July, A. D. 1893, come the defendants herein, appearing by their solicitor, Arthur F. Oldin, specially, only, and for the sole purpose of presenting this motion, and move the court to grant an order dismissing the bill herein filed for want of jurisdiction apparent upon the face of the record herein; and for ground of said motion said defendants say: First. It appears from the bill herein filed that one of the complainants herein, to wit, Lucy C. Finegan, is, and was at the time of the filing of said bill, a resident and citizen of the state of Tennessee, and the defendant E. S. Ellsworth was a resident and citizen of the state of Iowa, and the defendant the Ellsworth Trust Company was a corporation created under the laws of the state of Iowa, and this suit was not brought in the district of the residence of either the complainant Finegan or of these defendants. Second. It appears from the bill herein that one of the defendants, to wit, the Ellsworth Trust Company, is a corporation created under the laws of the state of Iowa, and that, therefore, it is liable to be sued in a federal court in the state of Iowa only. Third. And for other good and sufficient grounds apparent upon the face of the record herein. Wherefore these defendants pray that the said bill may be dismissed for want of jurisdiction.
"Arthur F. Oldin,
"Solicitor for Defendants, Appearing Specially
for the Sole Purpose of This Motion."

The next entry appears to be nearly five years later,—on June 8, 1898,—to wit:

"This cause came on to be heard upon motion by defendant to dismiss bill for want of jurisdiction, and upon due consideration thereof it is ordered that said motion be dismissed upon the strength of Greely v. Lowe, 155 U. S.

58, 15 Sup. Ct. 24, 39 L. Ed. 69, and defendants allowed until the rule day of July in which to plead, answer, or demur. James W. Locke, Judge.

"June 8th, 1898."

On February 6th a decree pro confesso was entered in the chancery order book, and on the 3d of March following the court made the following:

"A decree pro confesso having been entered in the above-entitled cause, it is ordered that the same be referred to J. N. Bradshaw as special master to take the testimony in said case, and he is ordered to report the proceedings with all convenient speed to this court.

"Ordered in Jacksonville, Fla., this 3rd day of March, A. D. 1899.

"James W. Locke, Judge."

On June 2, 1899, the special master, John N. Bradshaw, filed a report. This was followed on November 1, 1899, by a final decree granting all the relief prayed for in the bill. From this decree this appeal is sued out, and numerous errors assigned.

There is much discussion in the briefs as to the effect to be given to the appointment of the complainant's agent as special master to take testimony, and on several assignments of error as to whether the relief granted goes beyond the scope of the bill and the testimony adduced in support thereof. The view we take of the preliminary proceedings in 1893 renders it unnecessary for us to consider these matters. The service made upon the defendants E. S. Ellsworth and the Ellsworth Trust Company was void (see Pacific R. Co. v. Missouri Pac. R. Co., 3 Fed. 772), particularly upon the Ellsworth Trust Company, which was shown by the bill and the affidavit attached thereto to be a corporation of the state of Iowa, and its place of business at Iowa Falls, in said state of Iowa, and yet was returned as served in the state of Illinois. See Goldey v. Morning News, 156 U. S. 518, 522, 15 Sup. Ct. 559, 39 L. Ed. 517. We think that the authorities on this point are undisputed. The appearance made on the rule day in June, 1893, was a special appearance for the sole purpose of presenting an objection to the jurisdiction of the court over the persons of the defendants. The first ground of the motion under this limited appearance was that the suit was not brought within the district of the residence of the complainants nor of the defendants (see Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635), and the second was that the Ellsworth Trust Company, a corporation of the state of Iowa, could only be sued in the federal courts of that state. Both of these grounds refer to personal jurisdiction, and the limited appearance thus made cannot be held to be a waiver of legal service. See Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608. The record shows no attempt to secure service under the eighth section of the act of March 3, 1875, which provides for substituted service in suits commenced in a circuit court of the United States to enforce legal or equitable liens upon or remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought. As the defendants to the bill were not properly served, and entered no general appearance,

nor in any way pleaded to the merits of the case, the decree pro confesso and the final decree rendered were improperly entered, and the same should be reversed. The decree appealed from is reversed, and the cause is remanded to the circuit court, with directions to set aside the same and the decree pro confesso, and thereafter proceed as equity may require.