### FREEMAN v. AMERICAN SURETY CO. OF NEW YORK et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. June 14, 1902.)

1. FEDERAL COURTS—DISTRICT OF SUIT.
   To authorize a federal court to entertain an action brought against a number of defendants, where the jurisdiction is dependent on the diversity of citizenship, and the plaintiff is a nonresident, all the defendants must be residents of the district in which the suit is brought.

2. SAME—JURISDICTION—SUITS AGAINST SURETY COMPANIES.
   Section 5 of Act Cong. Aug. 13, 1894, which provides that surety companies "doing business under the provisions of this act" may be sued "in respect thereof" in any federal court having jurisdiction of the action in the district where the bond or undertaking was made or guarantied, applies only to actions on obligations given under the laws of the

United States upon which the act authorizes such companies to be accepted as sureties.

8. SAME—RESIDENCE OF CORPORATION.

A corporation cannot be a citizen or resident of any state other than the one under whose laws it is incorporated for the purposes of the jurisdiction of a federal court.

At Law.   On demurrer to petition.

Preston, Grimm & Moffit, for plaintiff.

Crissman, Trewin & Holbrook, for American Surety Co.

SHIRAS, District Judge.   From the averments of the petition filed in this case it appears that the plaintiff is a citizen and resident of the state of Illinois; the American Surety Company is a corporation created under the laws of the state of New York, but authorized to transact business in the state of Iowa, having an office for that purpose in the city of Cedar Rapids, in this judicial district; and the defendants E. C. Stearns and others are citizens of New York. As a ground of action it is alleged in the petition that in April, 1898, the firm of E. C. Stearns & Co. instituted an action at law against the present plaintiff, Fred D. Freeman, in the district court of Grundy county, Iowa, to recover the sum of $1,270 alleged to be due from him, and in aid of the action procured the issuance of a writ of attachment, which was levied upon certain realty owned by said Freeman.   To secure the issuance of the writ it was required, under the provisions of the statutes of Iowa, that a bond, known as an "attachment bond," should be furnished, conditioned for the payment to the defendant in that suit of all damages he might sustain by reason of the wrongful suing out of the writ of attachment; and such bond was given, the American Surety Company being the surety thereon. Upon the trial of the case in the district court of Grundy county judgment went in favor of defendant, and thereupon the defendant therein brought this action in this court upon the attachment bond to recover damages, making the American Surety Company and the persons forming the firm of E. S. Stearns & Co. defendants to the action.   To this petition a demurrer is interposed, the first ground of which presents the question of the jurisdiction of this court.   The cause of action is not one arising under the constitution or laws of the United States, and the right of a federal court to take cognizance of the action is based upon the diversity of citizenship between the parties plaintiff and defendant, it being averred that the plaintiff is a citizen of the state of Illinois, and the defendants are citizens of the state of New York, and it is not shown or averred that either the plaintiff or the defendants are residents in the Northern district of Iowa.   By the provisions of the first section of the amendatory act of August 13, 1888 (25 Stat. 433), it is declared that, "where jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."   In support of the

¶ 3. Citizenship of corporations for purpose of federal jurisdiction, see note to Railway Co. v. Newcom, 6 C. C. A. 174.

See Courts, vol. 13, Cent. Dig. §§ 814, 860.

jurisdiction of this court it is suggested that the American Surety Company, having an office for the transaction of business at Cedar Rapids, which is within this district, and in view of the provisions of the act of congress approved August 13, 1894 (28 Stat. 279), can be deemed to be a resident of this district; thus meeting the requirements of section 1 of the act of 1888. Granting for the moment that residence within the district might be assumed with respect to the surety company, this would not confer jurisdiction upon this court, for the reason that the other defendants are not shown to be residents of the district. In the case of Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635, it was held that, to maintain the territorial jurisdiction of a federal court under the act of 1888 in cases where the federal cognizance was based upon the diversity of citizenship, and in which there were more than one party plaintiff, it must be shown that all resided within the district in which jurisdiction was invoked. Of necessity, the same rule must apply when the jurisdiction is based upon the place of residence of the defendants. If there are more than one defendant, all must reside within the district wherein the suit is brought; and therefore, if it were true that the surety company was suable in this district, that would not enable the court to take jurisdiction over the other defendants, nor of the suit as a whole. But is it true that the American Surety Company is a resident of this district? It is contended that under the provisions of section 5 of the act of congress approved August 13, 1894, which declares "that any surety company doing business under the provisions of this act may be sued in respect thereof in any court of the United States which has now or hereafter may have jurisdiction of actions or suits upon such recognizance, stipulation, bond, or undertaking, in the district in which such recognizance, stipulation, bond, or undertaking was made or guaranteed, or in the district in which the principal office of such company is located." This section must be read in connection with the other provisions of the act, and especially with those contained in the first section thereof, which provides that whenever any recognizance, stipulation, bond, or undertaking conditioned for the performance of any duty is by the laws of the United States required to be given, certain surety companies can be accepted as sureties on such undertakings, and it is with respect to companies whose liability is provided for in this section that the provisions of section 5 are applicable. Actions based on bonds provided for in this act of congress would be cases arising under the laws of the United States, and jurisdiction would not depend upon diversity of citizenship. The bond sued on in this case is not one coming within the provisions of the first section of the act of 1894, and therefore jurisdiction over the surety company in this case cannot be predicated upon the provisions of section 5 of that act. The bond sued on was given in the state court, and under the provisions of the Code of Iowa, and the special jurisdiction created by the act of congress of 1894, has no application thereto.

It is further suggested that by reason of the fact that the surety company has an office for the transaction of business in the city of Cedar Rapids it may, therefore, be held to be a resident of this

district, although it is a corporation created under the laws of the state of New York. In Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853, it is said:

"A corporation cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may, by its agents, transact business anywhere, unless prohibited by its charter, or excluded by local laws."

In Insurance Co. v. Francis, 11 Wall. 210, 20 L. Ed. 77, it is ruled:

"A corporation can have no legal existence outside the sovereignty by which it was created. Its place of residence is there, and can be nowhere else. Unlike a natural person, it cannot change its domicile at will; and, although it may be permitted to transact business where its charter does not operate, it cannot, on that account, acquire residence there."

In Railroad Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643, it is held:

"By doing business away from their legal residence they do not change their citizenship, but simply extend the field of their operations. They reside at home, but do business abroad."

In view of these rulings it cannot be held that the surety company is a resident of this district, and the case, therefore, is one in which neither the plaintiff nor the defendants are residents of this district, and the court cannot, therefore, compel the defendants, or either of them, to submit to its jurisdiction.

Upon the ground of want of jurisdiction the demurrer must be sustained, and the case be dismissed, without prejudice to the rights of plaintiff to bring the suit in any other court having jurisdiction.