## LUIS VALLECILLO Y MANDRY ET AL., Plffs.,

### *v.*

## JUAN BERTRAN ET AL., Dfts.

San Juan, Equity, No. 365.

1. The jurisdiction of the United States district court for Porto Rico (in cases in which the jurisdiction is predicated on the diverse citizenship of the parties) does not include cases in which there are citizens of Porto Rico on both sides of the controversy.
2. The acts of April 12, 1900, and March 2, 1901, construed.

Opinion filed July 9, 1906.

*Willis Sweet, Esq.,* for plaintiffs.

*Henry F. Hord, Esq.,* and *Wm. H. Hawkins, Esq.,* for all the defendants except Banco Territorial y Agrícola.

RODEY, Judge, delivered the following opinion:

There are five or more complainants, and ten or more respondents, in this cause. It comes before the court at this time on a special plea to the jurisdiction filed by several of the respondents, which, omitting the heading, title, and signature, is as follows:

"The above-named defendants, Juan Bertran, José Bertran, Narciso Basso, the Eastern Sugar Company, Rafael Fabian y Fabian, Luis Manuel Cintrón, Enrique Delgado, and Conrado

Vallecillo y Mandry v. Bertran.

Palau, specially appearing under protest for the purpose of this plea and for no other, say that this court has no jurisdiction of this case, and ought not to take cognizance of the said bill of complaint, for the reason that the suit is not one arising under the Constitution or laws of the United States or treaties made under their authority, and because, as it appears by the said bill, the defendants were not and still are not, all and each and every one citizens of another state or foreign country from that of which the complainants are citizens; but that it appears from the said bill that the defendants Juan Bertran, Rafael Fabian y Fabian, and Conrado Palau are citizens of Spain, whilst the defendant Enrique Delgado is a citizen of Porto Rico, and the citizenship of the defendants Narciso Basso, José Bertran, and Luis Manuel Cintrón does not appear from the said bill; nor does it appear from the bill of complaint who the partners of the Eastern Sugar Company are, nor the citizenship or place of residence of said partners; nor does it appear from the bill of complaint who the partners of the Banco Territorial y Agrícola de Puerto Rico are, nor the citizenship or place of residence of the said partners."

It was agreed at the time of the hearing that a demurrer to this plea should be considered as filed by the complainants, and that the bill should be considered as amended so as to show the residence of all the parties to the cause, and that after such amendment it would appear that there were one or more of the complainants residents and citizens of Porto Rico, and one or more of the respondents residents and citizens of Porto Rico, the remainder of the parties on each side being either citizens of the United States or citizens or subjects of a foreign state or states. On this view of the case the argument proceeded.

The question being one of the greatest importance, the court invited many members of the bar to present their views upon

the subject; and they did so without reference to the fact whether or not they were of counsel in the case.

Counsel on both sides, as well as all counsel appearing as *amici curiæ,* admitted in the argument that the foregoing plea would unquestionably have been good on a record as above agreed to, if Congress had not enacted the law of March the 2d, 1901, hereinafter referred to.

On April the 12th, 1900 (31 Stat. at L. 77, chap. 191), Congress passed an act with reference to the island of Porto Rico, commonly known as the Foraker act, § 34 of which, defining the jurisdiction of this court, stated that it "shall have, in addition to the ordinary jurisdiction of district courts of the United States, jurisdiction of all cases cognizant in the circuit courts of the United States, and shall proceed therein in the same manner as a circuit court."

This jurisdiction was extended by § 3 of the act of March the 2d, 1901 (31 Stat. at L. 953, chap. 812), referred to above, which provides "that the jurisdiction of the district court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the act of April twelfth, nineteen hundred, extend to and embrace controversies where the parties, or either of them, are citizens of the United States, or citizens or subjects of a foreign state or states, wherein the matter in dispute exceeds, exclusive of interest or costs, the sum or value of one thousand dollars."

It is contended on the one hand that the language of this latter act, "the parties, or either of them," does not necessarily mean all the parties on one side or the other, but includes within its purview cases where only some one or more of the parties, either plaintiff or defendant, or of both, "are either citizens of the United States, or citizens or subjects of a foreign state or states;" while, on the other hand, it is argued that the language

Vallecillo y Mandry v. Bertran.

is intended to and does include the whole of the parties plaintiff, or the whole of the parties defendant, in every controversy, or the court is without jurisdiction; and that the only effect of the amendment is: (1) To enlarge the jurisdiction, as to amount, by reducing the sum a suit must involve, from $2,000 to $1,000; and (2) to embrace controversies where all of both parties, or all of either of them, are citizens of the United States, although they may be all citizens of the same state of the United States; and (3) to give the court jurisdiction in controversies where all of both parties, or all of either of them, are citizens or subjects of a foreign state or states; and (4) to also give the court jurisdiction in controversies where all the coplaintiffs and all the codefendants of any controversy differ in citizenship, being either citizens of the United States or foreigners; and that, therefore, the old rule established in Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. ed. 435, which was, after exhaustive review of many intervening cases, restated and approved by Mr. Justice Field in Susquehanna & W. Valley Coal Co. v. Blatchford, 11 Wall. 174, 20 L. ed. 180, and later approved by Mr. Justice Miller in the leading case of Smith v. Lyon, 133 U. S. 315, 33 L. ed. 635, 10 Sup. Ct. Rep. 303, that "if there are several coplaintiffs, the intention of the act is that each plaintiff must be competent to sue, and if there are several codefendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained," has not been otherwise affected, but is still the law and binding upon this court; and that, therefore, where, as in the case at bar, there are citizens and residents of Porto Rico who are both coplaintiffs and codefendants in the controversy with citizens of the United States, or foreigners, or both, this court has no jurisdiction in the premises.

Although more than five years have elapsed since the enactment of this amendment, it does not appear to have ever been directly passed upon in the sense here presented. It was before

II. PORTO RICO.—4.

Vallecillo y Mandry v. Bertran.

the court two or three times. In Compañia Anónyma de la Luz Eléctrica v. Ponce R. & Light Co. 1 Porto Rico Fed. Rep. 218, the court construed the amendment to the extent of holding that one foreign corporation could sue another corporation in this court. In Martinez de Hernandez v. Bertran y Casañas, No. 241, ante, 4, lately pending on the law side of this court, although the papers in the case show that the exact question now before the court was raised, yet the opinion of the court filed when overruling the demurrer does not pass on it directly, but states that the question "has been previously passed upon by this court, and it is uniformly held, in construing the amend-ment of the organic act of Porto Rico, approved March 2d, 1901, that, where either party to a controversy is a citizen of another state, jurisdiction follows."

In Ortiz de Rodriguez v. Vivoni, 1 Porto Rico Fed. Rep. 494, the amendment was again construed, the court holding that, "if it be true that when this suit was brought they, or either of them, were not citizens of the United States, or citizens or subjects of a foreign state, then this court has no jurisdiction."

None of these holdings aid us in determining the question as to whether or not the law as it now stands requires that all co-plaintiffs and codefendants must be entitled to sue or be liable to be sued, respectively, or jurisdiction does not lie.

If complainants' contention here is the law, then this court has jurisdiction of every sort of civil legal controversy that can arise in the district, save cases where all the litigants on both sides are Porto Ricans, or where the amount involved is less than $1,000.

This, in fact, is exactly what is contended, and it is argued that such must have been the intention of Congress when it enacted the amendment referred to, because unique and pecu-

Vallecillo y Mandry v. Bertran.

liar local conditions, as well as the best interests of the people of the United States and of the island, required that it should be so; and, further, that the manifest necessity for such broad jurisdiction caused the local bar to press Congress for the enactment, and that it was believed such object had been accomplished until it was ascertained that doubt existed about the language of the amendment being sufficiently broad or specific to have that effect.

The question to be determined is therefore, in a large measure, of first impression, and depends upon a proper interpretation of the meaning of the language used in the amendment. It is admitted that the jurisdiction of the court, previous to the enactment of the amendment in question, was precisely the same as that of a district and circuit court of the United States. Did the amendment increase the jurisdiction to the extent claimed?

It must not be forgotten that Federal courts are of limited jurisdiction. This is well understood and has been many times decided. Mexican Nat. R. Co. v. Davidson, 157 U. S. 208, 39 L. ed. 675, 15 Sup. Ct. Rep. 563, and cases cited; 4 Fed. Stat. Anno. p. 267, note. And that, if jurisdiction is not clearly given by act of Congress, the presumption will be against it. Carter, Jurisdiction of Federal Courts, pp. 7, 8; Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 28 L. ed. 462, 4 Sup. Ct. Rep. 510.

One of the best-considered cases of the many to be found in reports of the Supreme Court of the United States, that tend to throw light upon this subject, is that of Smith v. Lyon, supra. There it was held, following Strawbridge v. Curtiss, supra, and a large number of cases decided after the date of that case, for nearly a hundred years up to 1889, that the judiciary act, even as amended in 1887–88 (24 Stat. at L. 555, chap. 373, 25 Stat.

Vallecillo y Mandry v. Bertran.

at L. 433, chap. 866, U. S. Comp. Stat. 1901, p. 508), when defining the jurisdiction of United States courts when the action is between citizens of different states, and providing that suits shall be brought only in the district of the residence of "either the plaintiff or the defendant," included within its compass all coplaintiffs and all codefendants in any suit; and it was stated that the statute makes no provision in terms for the case of two defendants or two plaintiffs who are citizens of different states, and makes no provision that both plaintiffs may unite in one suit in a state of which either of them is a citizen. In that case Mr. Justice Miller, further quoting from Chief Justice Marshall in the Strawbridge Case, approves the latter's construction of the meaning of the sentence, "suit between a citizen of the state where the suit is brought and a citizen of another state," when it is held "to mean that each distinct interest should be represented by persons, all of whom are entitled to sue or may be sued in the Federal courts. That is, that where the interest is joint, each of the persons concerned in that interest must be competent to sue, or liable to be sued, in the courts of the United States." And he further quotes Mr. Justice Field in Susquehanna & W. Valley Coal Co. v. Blatchford, 11 Wall. 172, 20 L. ed. 179, as follows: "In other words, if there are several coplaintiffs, the intention of the act is that each plaintiff must be competent to sue, and if there are several codefendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained."

Many other cases are discussed briefly where the same meaning is given to the sentence above quoted.

Of course it is well understood that the judgment of the court should not in any degree be influenced by the construction placed upon an act of Congress by individual members of either House in debate or in reports, especially where the language of

Vallecillo y Mandry v. Bertran.

the act itself is plain, even though the court may recur to the his-
tory of the times to ascertain the necessity or causes for the leg-
islation. United States v. Union P. R. Co. 91 U. S.. 79, 23 L.
ed. 228.· "The court has nothing to do with questions of mere
policy that may be supposed to underlie the actions of Con-
gress." Dewey v. United States, 178 U. S. 521, 44 L. ed. 1175,
20 Sup. Ct. Rep. 981; 1 Fed. Stat. Anno. p. xxxv., note 8.
"Our province is to declare what the law is." Hadden v. The
Collector (Hadden v. Barney) 5 Wall. 107, 18 L. ed 518.

But if, out of mere curiosity, in the light of statements made
during this argument, resort is had in this instance to the re-
port of the United States Senate, made for the committee by
Senator Foraker at the time of the passage of the bill of which
this amendment is § 3, it will be found not to throw any light
whatsoever on the subject, more than does the language of the
amendment itself. After setting out what the law was, by quot-
ing the jurisdictional clause of the act of April 12, 1900, the
report continues by setting forth that § 3 of the bill extends that
jurisdiction so as to embrace controversies, etc., quoting from
the section we are now seeking to construe, and then goes on and
says: "As the law now stands, this court has jurisdiction where
the matter in dispute exceeds, exclusive of interest or costs, the
sum or value of $2,000, and where the controversy is between
citizens of different states, etc. The purpose of this amendment
is to enlarge the jurisdiction, as indicated, as to amount; and,
also, so as to embrace controversies where both parties, or either
of them, are citizens of the United States, although they may
be citizens of the same state of the United States; and also to
give the court jurisdiction in controversies where the parties,
or either of them, are citizens or subjects of a foreign state or
states." The report then goes on to say that this provision is
very earnestly recommended in a number of letters from mem-

Vallecillo y Mandry v. Bertran.

bers of the bar and citizens of Porto Rico, the general character of which communications is set forth in an extract from a letter of Mr. F. H. Dexter, a member of the bar at San Juan, and the extract is set out. There is nothing in the extract from Mr. Dexter's letter that throws any light whatsoever upon the question at bar.

But in looking over the report of the hearings had before the House committee on insular affairs, on this very subject, in the 56th Congress, it appears (p. 178, report) that the bar of Porto Rico did make a direct and strong effort to broaden the jurisdiction of this court as is here contended for by complainants, because the chairman of the committee states that a clause in the original draft of the bill sent to him from Porto Rico, speaking of the jurisdiction, provided that it should extend to all cases "wherein either a citizen of the United States or a citizen or subject of any foreign government or sovereign is a necessary party upon either side of the controversy." And it appears on same page, from the evidence of Mr. Abbott, a member of the Porto Rico bar, who was there testifying before the House committee, that the original draft of the proposed amendment on this question, made by a committee of the Porto Rico bar, used the language, "extend to and embrace controversies where a citizen of the United States or a citizen or subject of a foreign state or government is a necessary party, etc." Yet, notwithstanding all this, the amendment was passed in its present form.

But it is plain from the language of the amendment itself, that the jurisdiction given is in addition to what the court before possessed. The act further states that this additional jurisdiction "shall extend to and embrace controversies where the parties or either of them are," etc. Now, this in and of itself is ordinary and plain language, and requires us only to understand

Vallecillo y Mandry v. Bertran.

what is meant by or comprehended in the words "parties" and "either."

The best definition of the word "parties" as used in a suit in equity, that we have been able to find, is contained in Rawle's Revision of Bouvier's Law Dictionary, vol. 2, p. 578, and is as follows: "The person who seeks a remedy in chancery by suit, commonly called the plaintiff, or complainant, and the person against whom the remedy is sought, usually denominated the defendant, or respondent, are the parties to a suit in equity."

As to the word "either," the best definition we can find is in the Century Dictionary, vol. 3, p. 1857, where it is defined as "being one or the other of two, taken indifferently, or as the case requires; referring to two units or particulars of a class."

In the case at bar, "either" refers to "parties," and if the latter word includes collectively all co-complainants and all co-defendants it would seem to follow that they all must be of the class required; that is, either citizens of the United States or citizens or subjects of a foreign state or states.

It is useless to quote authorities in support of the well-known proposition that, where a law is expressed in plain and unambiguous terms, no room is left for construction; and that there can be no construction where there is nothing to construe; because construction is reserved for doubtful language.

These statements are made because, in the light of the rule laid down in Smith v. Lyon, 133 U. S. 315, 33 L. ed. 635, 10 Sup. Ct. Rep. 303, the language of the amendment in question is plain and unambiguous. If any other effect than that admitted by the respondents here was to be given to the act, it would have been an easy matter for Congress, instead of the language used, to have employed other and more specific words, such as, "where any of the litigants are citizens of the United States or citizens or subjects of a foreign state or states."

Vallecillo y Mandry v. Bertran.

The amendment in question, restricted as to its exact terms as contended for by respondents, still gives the court large additional jurisdiction over what it before possessed. To construe it as contended for by complainants would be to aid it by intendment, and to depart from sound rules of construction. This the court is not willing to do.

The demurrer is therefore overruled, with costs, the plea sustained, and the bill will be dismissed, unless the complainants modify their bill to conform to this opinion.