Robert K. ZUMFT and Eluned M. Demarest, Plaintiffs,

v.

DONEY SLATE COMPANY, et al., Defendants.

No. CV 88–0720.

United States District Court, E.D. New York.

Nov. 3, 1988.

Roussillon & Collins by Paul W. Roussillon, Hauppauge, N.Y., for plaintiffs.

Fogarty & Fogarty, P.C. by Margaret R. Smith, Mineola, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this diversity action plaintiffs seek recovery from various mining companies for breach of contract and fraud. Presently before the Court is defendants' motion

to dismiss for improper venue. Although the Court agrees with defendants that venue is improper in this district, the Court holds, for the following reasons, that it is appropriate to exercise the discretion, pursuant to 28 U.S.C. § 1406, to transfer this case to the Eastern District of Pennsylvania. Accordingly, the case is transferred and the motion to dismiss is denied.

### I. Background

Plaintiffs Robert K. Zumft ("Zumft") and Eluned M. Demarest ("Demarest") are the successors in interest of lessors who entered into lease agreements with defendants. The leases at issue gave plaintiffs' predecessors the right to collect royalties on various slate and slate products extracted from mines located in the state of Pennsylvania. The terms of the lease agreements describe the tracts of land, set forth varying percentage rates for the royalties and provide that payment of royalties are to be made to the lessor's agent. While one of the leases provides for the payment of royalties to agents located within the State of New York, others provide only that payments are to be made to the lessors' agent and do not establish a specific place for payment.

Plaintiffs are residents of different states. Zumft is a resident of the state of New York and Demarest is a resident of the state of Massachusetts. Defendants are all residents of the state of Pennsylvania. A review of the leases presently before the Court reveals that the leases were executed at different times in the various signers' home states.

### II. The Present Motion

As noted above, defendants seek dismissal on the ground that venue is improper in this district. Plaintiffs, arguing that venue is appropriate in the Eastern District of New York, oppose the motion.

Where, as here, federal jurisdiction over an action is founded solely on diversity of citizenship, the general venue statute provides that venue is proper either: (1) in the district where all plaintiffs reside; (2) in the district where all defendants reside; or (3) in the district where the claim arose. 28 U.S.C. § 1391(a). Since plaintiffs are residents of different states venue in this case is appropriate only where all defendants reside or where the claim arose. Defendants, who are all residents of the Eastern District of Pennsylvania, argue that the claim at issue arose in Pennsylvania and that venue is therefore appropriate only in the Eastern District of Pennsylvania. Defendants further argue that the consequence of commencing an action in the wrong district is dismissal of the action.

While plaintiffs do not take issue with defendants' characterization of the parties' citizenship, it is argued that because the claim at issue arose in the Eastern District of New York, venue is appropriate in this district. Thus, the issues before the Court are (1) whether the claim at issue can be said to have arisen in this District thus making venue appropriate here and (2) if venue is held to be improper whether the only appropriate consequence of commencing an action in the wrong district is dismissal of the action.

### III. Discussion

#### A. Where the Claim Arose

When determining where a claim arises for venue purposes the Court must consider the strength of the contacts between the parties and the events at issue with the chosen forum. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 185, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979); *Agra Chemical Distributing Co., Inc. v. Marion Laboratories, Inc.*, 523 F.Supp. 699, 702 (W.D.N.Y.1981); *see also United States ex rel. Flemings v. Chafee*, 330 F.Supp. 193, 194 (E.D.N.Y.1971) (cause of action under 28 U.S.C. § 1391(e) arises "wherever substantial material events took place"). Since a case is properly venued in a district where trial would be convenient, *see Leroy*, 443 U.S. at 185, 99 S.Ct. at 2717, it would be inappropriate to establish venue in a forum having only minimal contacts with the parties and events. *See Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886, 892 (S.D.N.Y.1974).

Applying these principles here leads the Court to conclude that, for venue purposes, the claims at issue arise not in this

district but in the Eastern District of Pennsylvania. First, all of the leases at issue pertain to land that is located in the state of Pennsylvania. In addition, all defendants reside in Pennsylvania and the work done pursuant to the leases took place in that state. If, as plaintiffs allege, defendants failed to properly account for the material extracted from the mines, those actions took place in Pennsylvania.

Although one plaintiff is a resident of the state of New York, that fact alone does not require a finding that venue is appropriate in this district. Nor does the additional fact that certain payments were made to a New York agent tip the scales in favor of a finding that the claims at issue arose in this district. *See Transamerica Corp. v. Transfer Planning, Inc.*, 419 F.Supp. 1261, 1263 (S.D.N.Y.1976) (for venue purposes claim does not arise where there are only "miniscule" contacts between case and the forum state).

■■■ Even if, as plaintiffs argue, the exercise of personal jurisdiction over defendants would be appropriate in this state, that holding alone would not compel a finding that venue is appropriate here. *See United States ex rel Rudick v. Laird*, 412 F.2d 16, 20 (2d Cir.), *cert. denied*, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969) (distinguishing concepts of jurisdiction and venue). Because a holding that personal jurisdiction may be exercised over defendants is not a necessary prerequisite to the exercise of the power to transfer an action, *see Goldlawr v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir.1978), this Court declines to decide the personal jurisdiction issue. Instead, the Court holds only that for purposes of the venue statute, the claims at issue here arose in the Eastern District of Pennsylvania. Since defendants are all residents of that state and plaintiffs are residents of separate states, the Court holds that venue in the Eastern District of New York is inappropriate.

B. The Consequence of Improper Venue

■■■ Having decided that venue does not lie within this district the question remains whether this Court must, as defendants suggest, dismiss the case. In support of the proposition that dismissal is the only proper consequence, defendants rely exclusively on *Smith v. Lyon*, 133 U.S. 315, 10 S.Ct. 303, 33 L.Ed. 635 (1890). The plaintiffs in *Smith* were two partners. One partner was a resident of the state of Missouri and the other partner was a resident of the state of Arkansas. The defendant in *Smith*, a resident of the state of Texas, moved to dismiss the case. Holding that a case brought pursuant to the federal court's diversity jurisdiction must be commenced either (1) where all plaintiffs reside or (2) where all defendants reside, the Supreme Court affirmed the lower court's dismissal of the action.

Arguing that the facts of *Smith v. Lyon* are "identical to the ones presented herein," defendants seek dismissal of this action. Defendants' reliance on this ancient case is severely misplaced. First, when *Smith* was decided, nearly one hundred years ago, the venue statute in effect today did not exist. In 1890, venue in a diversity case was appropriate only where all plaintiffs or all defendants resided. In 1966, to cure the problem created where the residences of co-plaintiffs or co-defendants made the proper laying of venue impossible, a venue statute providing for commencement of an action in the district where the claim arose was passed. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 710 n. 8, 92 S.Ct. 1936, 1939 n. 8, 32 L.Ed.2d 428 (1972). Since the enactment of that statute, dismissal is not necessarily required where venue cannot be premised on the parties' citizenship.

Defendants also fail to realize that *Smith* was decided prior to the enactment of 28 U.S.C. § 1406 ("Section 1406"). That section gives district courts discretion to either dismiss an improperly venued case or "if it be in the interest of justice" to transfer such case to any distict or division in which the case could have been commenced. *See* 28 U.S.C. § 1406(a). Because outright dismissal is a severe penalty it has

been noted that transfer in lieu of dismissal is usually "in the interest of justice." *See* 1 J. Moore, J. Lucas, H. Fink, D. Weickstein, J. Wicker, Moore's Federal Practice ¶ 0.146[5] (2d Ed.1988).

Here, both the residence of defendants and location of property and events makes it clear that venue is proper in the Eastern District of Pennsylvania. Since the Eastern District of Pennsylvania is a district where this case could have been commenced the first prong of Section 1406(a) is satisfied. Because the Court finds that plaintiffs did not knowingly file this case in the wrong district and trial in the Eastern District of Pennsylvania would be more convenient for a majority of the parties, the Court holds that, rather than to dismiss this case, it is in the interest of justice to transfer this case to the Eastern District of Pennsylvania.

## CONCLUSION

Defendants' motion to dismiss is denied. The Clerk of the Court is ordered to transfer this case to the United States District Court for the Eastern District of Pennsylvania.

SO ORDERED.