Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 This is a writ of error to the Circuit Court, of the United States for the district of Indiana.
 

 The plaintiff, who is -averred to be a citizen of the State of Ohio, broughfrhis action against Solomon Meredith and Thomas Tyner,' citizens of Indiana, on -the 12th July, 1853, together with Caleb B. Smith, who,.at'the time of the commencement-of this suit, was not a citizen of the State of Indiana, a’ld is therefore not joined as -a defendant herein, &c.
 

 
 *491
 
 The declaration has three counts, one of which contains the following guaranty:
 

 “Whereas Hiram Clearwater, of the city of Cincinnati, on . the 6th of May, 1853, contracted with the Cincinnati,' Cambridge, and Chicago Short Line Railway Company for the sale of a tract of land situate in Wayne county, Indiana, lying on the national road, about four miles east of Cambridge city, and adjoining the lands of John Jacobs and others, containing three hundred and twenty acres, for the consideration of ten thousand dollars, to be paid in the capital stock of said company at par; and whereas, in such contract of sale, it was agreed that said company should furnish to said Clearwater a guaranty that the capital stock of said railway company should be at par within one year from the completion of the entire line of said road: Now, in consideration that the said H. Clear-water has, with the consent of the said company, and at our request, executed a deed of conveyance to Solomon Meredith Lor said land, to whom the same has been sold by the said company, we, the undersigned, hereby guaranty that the said stock of .said- company, which has been issued to said Clearwater in pursuance of said contract, shall be worth par in the city of •Cincinnati within one year from the time the said railroad shall be completed from Cincinnati to Newcastle, Indiana, and that said road shall be completed within two years from the 1st day of October, 1853, and signed by Pleasant Johnson, S. Meredith, Caleb B. Smith, and Thomas Tyner.”
 

 The defendants, by counsel, come and say the declaration of the said plaintiff, and the counts therein contained, are severally insufficient in law to enable said plaintiff to have and maintain his action against said defendants; and .for cause of demurrer shows to the court the following:
 

 1. The jurisdiction of the court is not shown by proper averment.
 

 2. No consideration is shown for the undertaking.
 

 3. The several counts do not contain facts sufficient to constitute a cause of action; wherefore the defendants pray judgment,' &c..
 

 If this be regarded as a plea to the jurisdiction of the court,
 
 *492
 
 it is argued that the suit is. brought on a joint contract .executed- by .the defendants in.error, when only two of them were served with process, and the third one, Caleb B. Smith, who, at the time of the commencement of the suit, was not a citizen of the State of Badiana, and is therefore not joined as a defendant herein, &c.
 

 The first section of the act of February 28th, 1839, provides that “ where, in any suit at- law or in equity commenced in any court of the United States, there shall be several defendants, any one or more of whom shall- not be inhabitants of or found, within the district where the suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the coiart to entertain jurisdiction, and proceed to the trial and-adjudication of such suit between the parties who may be properly before it; but the judgment- or decree rendered therein shall not con-elude or prejudice other parties not regularly served with process-, or not voluntarily appearing to answer.” ;
 

 In the case of the Railroad Bank of Vicksburg
 
 v.
 
 Slocomb et al., (14 Peters, 65,) it is said the 11th section of the judiciary act declares that , up civil suit shall be brought, before either, of said courts, against an inhabitant of the United States, by any Original process, in any other district than that whereof he is an inhabitant, or in which -he shall be found at the time of serving the writ.
 

 It has been held that this is a personal, privilege of not being sued out of the. district in which the defendant inay live, or in • which he- shall be found oh serving the writ, and. that it'may be waived by the defendant:. And it is said,’in-the above opinion, “that it did not contemplate a change in the jurisdiction of the coui’ts, as it regards the character of the parties, as prescribed by the judiciary act, and expounded by this court — that is, that each of the plaintiffs must be capable of suing, and each of the defendants capable- of being sued; which' is not the case in this suit, Some of the defendants being citizens of the same State with the plaintiffs.”
 

 It is well known that-- the act of 1839 was intended so to modify the jurisdiction of .the Circuit Court as to make it more practical and effective. "Where one or more of the defendants
 
 *493
 
 sued were citizens of the State, and were jointly bound with those who were citizens of other States, and who did not vol-r untarily appear, the plaintiff had a right to prosecute his suit to judgment against those who were served with process; but such judgment or decree shall not prejudice other parties not Berved with process, or who do not voluntarily appear.
 

 Now, it is too clear for controversy, that the act of 1839 did intend to change the chancier of the parties to the suit. The plaintiff may sue in the Circuit Court any part of the defendants, although others may be jointly bound by the contract who are citizens.of other States. The defendants who are citizens of other States are not prejudiced by this procedure, but those on whom process has been served, and who are made amenable to the jurisdiction of the court.
 

 And in regard to those whose rights are in no respect affected by the judgment or decree, it can be of no importance of what' States they are citizens,. If one of the defendants should be a citizen of the same State with the plaintiff, no jurisdiction could be exercised as between them, and-no prejudice to the rights of either could be done.
 

 The plea to the jurisdiction seems not to be well taken, and ■ it cannot be sustained.
 

 In the case' of Hill
 
 v.
 
 Smith and others, decided at the present term, this court held that the demurrer filed to the counts on the guaranty did not bring up the validity of that instrument for the action of the court, and that it must be specially pleaded, with suitable averments. And the court reversed the judgment, and remanded it to the Circuit Court, with leave, on the payment of costs, to move to amend the pleadings, so as to raise the questions on the guaranty. The same- order is made in the present case.
 

 Judgment reversed.