STEMMLER v. McNEILL et al.

(Circuit Court, E. D. North Carolina. June 13, 1900.)

1. QUIETING TITLE—PARTIES.

In a suit to quiet title to a tract of land claimed by complainant under one title, all persons claiming an interest in the land or any part thereof adversely to such title may be joined as defendants, and it is not essential that they should claim through a common source of title.

2. JURISDICTION OF FEDERAL COURT—AMOUNT IN CONTROVERSY—SUIT TO QUIET TITLE.

To give a federal court jurisdiction of a suit to quiet title to a tract of land, in which a number of persons are joined as defendants, between whom no privity of title exists, and each of whom claims title to a separate part of the tract, the value of the property in controversy between each defendant and the complainant must exceed $2,000.[1]

In Equity. Suit to quiet title. Heard on application for preliminary injunction, and on objection by defendants to jurisdiction.

Guthrie & Guthrie, for complainant.

Seawell & Burns and Black & Adams, for defendants.

SIMONTON, Circuit Judge. This is a bill filed by T. W. Stemmler to remove a cloud upon his title. He alleges that he is the owner in fee simple and in possession of a tract of land in North Carolina of 233 acres, acquired by and held by him under one title and in one body. The bill makes A. H. McNeill, George W. McNeill, H. B. Shields, W. G. Carter, and K. H. Worthy defendants, and charges that they are setting up claims of title to a large portion of said land, if not all of it. "The exact or definite parts thereof claimed by defendants, and the exact location of their several pretended claims, your orator is not informed. The defendants, each and all of them, have disputed your orator's ownership of the aforesaid tract, and by their claims have cast a cloud upon the title thereof," besides threatening forcible entry thereon. The prayer of the bill includes a prayer for an injunction. A rule to show cause having been issued, all of them respond. Carter disclaims. The others show, for cause: (1) That the land in controversy is not of the value of $2,000, and so the case is not within the jurisdiction of this court. (2) That there is no privity whatever between the defendants, each of whom claims a separate tract of land, derived from a distinct source of title, held under separate grantors, in no wise connected with each other, not deriving title from a common source. (3) Each several part so claimed is much less than two thousand dollars in value. (4) All deny that complainant has any title.

1. Value of land claimed by complainant: Affidavits on this point have been submitted by all the parties. The conclusion of fact by evidence from affidavits is never quite satisfactory. It appears, however, from the preponderance of evidence thus furnished in this case, that the land claimed by complainant was actually more than $2,000 in value at the time of filing the bill.

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75, and Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

2. It would seem to be in accordance with the practice in equity, which requires all persons in interest to be made parties, to include all persons who claim title in any portion of this land. The Encyclopædia of Pleading and Practice (volume 17, p. 323), lays down this rule, and adds that it is not necessary that there should be privity or connection between the defendants. But it is admitted that many of the cases quoted to sustain this doctrine lay stress upon the fact that all the defendants claim title from a common source. This is especially the fact in the case of Fisher v. Hepburn, 48 N. Y. 41, and is the ground for the decision.

3. The next objection presents a more serious question. It is the rule of the federal courts that, if there be several co-plaintiffs, each plaintiff must be competent to sue, and, if there be several defendants, each defendant must be liable to be sued, or jurisdiction cannot be entertained. Coal Co. v. Blatchford, 11 Wall. 172, 20 L. Ed. 179; Clearwater v. Meredith, 21 How. 489, 16 L. Ed. 201; Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635. So, in this case, if each defendant has a separate and distinct claim of title to a parcel of the land, which is below $2,000 in value, he could not sue for it in the circuit court, and it would appear that he could not be sued for it in that court. In Walter v. Railroad Co., 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206, the railroad company had been assessed for taxation at a rate supposed to be exorbitant. It instituted proceedings in the circuit court of the United States, praying an injunction against the sheriffs of several counties, prohibiting them from levying the tax. The aggregate of the taxes exceeded $5,000, but they were assessed in several counties, and in no one county did the tax amount to $2,000. The supreme court held that the circuit court was without jurisdiction. After elaborate discussion, the court concludes:

"In short, the rule applicable to several plaintiffs having separate claims, that each must represent an amount sufficient to give the court jurisdiction, is equally applicable to several liabilities of different defendants to the same plaintiff."

The whole subject is elaborately discussed in Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066, 30 L. Ed. 1083, and the same conclusion is reached. There can be no doubt that when the result of a suit, if successful, would be a separate decree against each defendant, the value of the dispute between such defendant and the plaintiff must exceed $2,000. In Clay v. Field, 138 U. S. 479, 11 Sup. Ct. 425, 34 L. Ed. 1049, the authorities are quoted, and this principle is laid down:

"If several persons be joined in a suit in equity or admiralty, and have a common and undivided interest, though separate as between themselves, the amount of this joint claim or liability will be the test of jurisdiction. But when the interests are distinct, and they are joined for the sake of convenience only, and because they form a class of parties whose rights and liabilities arose out of the same transaction, or have relation to a common fund or mass of property sought to be administered, such distinct demands or liabilities cannot be aggregated together for the purpose of giving jurisdiction. Each must stand or fall by itself alone."

The objection is well taken. The restraining order heretofore issued is dissolved, and the case is retained for such further proceedings as the parties may think proper.