## COOPER v. PRESTON et al.

### (Circuit Court, N. D. California. December 3, 1900.)

### No. 12,921.

1. EQUITY—PLEA TO JURISDICTION—FORM.

A plea to the jurisdiction of a federal court in a suit in equity is not objectionable because it alleges more than one ground of objection to the jurisdiction.

2. JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE—SUIT TO QUIET TITLE.

Where disclaimers filed by some of a number of defendants in a suit to quiet title in a federal court are not directed to any particular subdivision of the tract of land described in the bill, but are of any right, title, or interest in any part of such tract, they do not reduce the value of the matter in dispute, which remains, as between the complainant and the remaining defendants, the value of the land involved.[1]

3. SAME.

In a suit in a federal court against a number of defendants to quiet title to a tract of land alleged to be of the jurisdictional value, to sustain the jurisdiction of the court it must appear from the bill that all the defendants have a privity of interest, derived from a common source of title, or that the separate claim of each defendant is of the jurisdictional amount, since, where the defendants claim separately, the suit is severable, and the requisite amount must be involved in each separate controversy.

In Equity. Suit to quiet title. On pleas to jurisdiction.

Freeman & Bates, for complainant.

Carter P. Pomeroy, for certain defendants.

MORROW, Circuit Judge. This is an action to quiet title to certain real property situated in Butte county, Cal. The complainant alleges that he is a resident of the state of California, but a subject of the queen of England; that each and all of the defendants reside within the Northern district of California, and are citizens of said state; that complainant is the owner in fee and entitled to the possession of certain real property in this state, the value of which exceeds the sum of $2,000; that each of the defendants claims some title to or interest in the property which casts a cloud upon complainant's title. It is alleged that such claim is without right, and complainant prays for a decree adjudging his title to be good and valid, and quieting his title against all claims of the defendants. Neither complainant nor defendants have possession of the property in controversy. Many of the defendants have filed pleas to the jurisdiction of this court, alleging that a number of the defendants are aliens, and complainant, being also an alien, is, therefore, barred from suing such defendants in this court; that as to the remaining defendants, though the requisite diversity of citizenship exists, their claims to the land in controversy are separate and distinct each

[1] Jurisdiction of circuit courts as determined by amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.

from the other, not one of such separate tracts of land being of the value of $2,000, and therefore complainant's suit as against each of the defendants is without the jurisdiction of this court. It is objected to these pleas that they are bad in form, because they are not confined to one point, and present more than one defense. This objection cannot be sustained. The averments of the pleas are all directed to the one objection that the court is without jurisdiction. Several of the alien defendants have filed disclaimers, and the question for consideration is practically narrowed to the determination (1) whether the complainant's suit, as against the remaining defendants, involves a matter in dispute the sum or value of which exceeds $2,000, exclusive of interest and costs; and (2) whether the controversy is properly divisible into separate actions against the respective defendants,—if so, whether the jurisdictional amount is involved in each of such actions. The disclaimers of the alien defendants are not directed to specific subdivisions of the tract of land described in the bill of complaint, but to any right, title, or interest therein, either legal or equitable. These disclaimers do not, therefore, reduce the value of the matter in dispute, which remains, as before, the tract of land described in the bill of complaint, and which, it is alleged, exceeds in value the sum of $2,000.

The remaining question is whether the controversy appears to be divisible into separate causes of action against the several defendants. In Bates v. Carpentier (C. C.) 98 Fed. 452, this court held that a suit to quiet title, brought against a number of defendants, for the purpose of obtaining an adjudication of all claims adverse to complainant which may exist in favor of any of the defendants, is severable as to each defendant where no averment is made that defendants claim title to the realty jointly, or are subject to any joint liability in respect to the subject-matter of the action. In the case at bar no allegation is found in the bill that the defendants claim under a common source of title, or that any privity of interest exists between them, as against the plaintiff. In the absence of such an averment, complainant cannot maintain the jurisdiction of this court upon the allegation that the value of the entire matter in controversy is of the jurisdictional amount. The rule is that, where there are several defendants in an action in a United States circuit court, it must appear affirmatively in the bill of complaint that each defendant is liable to be sued. In other words, where the controversy relates to a piece of property of the jurisdictional value, it must appear that all the defendants have a privity of interest derived from a common source of title, or it must appear that the separate claim of each defendant is of the jurisdictional amount. Stemmler v. McNeill (C. C.) 102 Fed. 660, and cases there cited. In the present case the bill of complaint does not conform to this rule. The pleas must therefore be sustained, and it is so ordered.