CELY et al. v. GRIFFIN et al.

(Circuit Court, D. South Carolina. February 25, 1902.)

1. PROCESS—FEDERAL COURTS—SERVICE IN OTHER DISTRICTS.

Except in suits of a local nature to enforce a lien or claim against property within the district, and upon a proper order, or in suits for infringement of a patent, there is no authority of law for the service of process issued by a circuit court of the United States outside of the district.

2. FEDERAL COURTS—JURISDICTION.

A suit in equity to set aside a contract for the sale of a patent involves no federal question, and cannot be maintained in a federal court, where an indispensable party defendant is a citizen of the same state as complainant.

In Equity. On motion to quash the return and vacate service of process.

Charles Koonce, Jr., for the motion.

B. A. Morgan and Carey & McCullough, opposed.

SIMONTON, Circuit Judge. This case comes up on a motion to quash the marshal's return, and vacate and set aside service of process on Koonce, Leslie & Co., Samuel C. Koonce, and John S. Leslie, and each of them. Notice of the motion was given to, and same accepted by, counsel for complainants. The day and hour fixed for the hearing was 10 o'clock a. m. for this 25th February, 1902. Counsel for the motion appeared at 10 a. m., but, the counsel for complainant being absent, he waited until 1 p. m., after the arrival of all railroad trains which reach Charleston in the morning hours. The motion was then made and heard, defendants having put in a special appearance for this purpose.

1. The subpœna ad respondendum was issued from this court. The defendants making this motion are citizens and residents of the state of Pennsylvania, and were served at their homes in Pennsylvania by the marshal of the Western district of that state. The general rule is that the circuit court for each district sits in and for that district, and the process of a circuit court cannot be served without the district in which it is established without the special authority of law therefor. Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093. The only case where this rule is not in force is when there is suit in equity commenced in any court in the United States to enforce any legal or equitable lien or claim against real or personal property within the district where such suit is brought, and one or more of the defendants is not an inhabitant of or found within said district, the court can make an order requiring such defendant to appear, answer, or demur on a day certain,—said order to be served on said absent defendant, if practicable; if not, to be published. Rev. St. U. S. § 738; and, also, the case of an action brought for the infringement of a patent,

Noonan v. Athletic Club (C. C.) 75 Fed. 334. The bill in this case seeks an injunction against the sale of a patent right in which complainants allege they are co-owners with defendants.

2. The defendants, making this motion, claim their privilege as citizens of the Western district of Pennsylvania, to be sued only in the district of their residence. This right is unquestionable, under the act of 1887–88 (25 Stat. 433, § 1). "No civil suit shall be brought before either of said courts [the circuit or district courts] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant."

3. Examining the bill, it is brought by H. W. Cely and W. H. Cely, citizens of the district and state of South Carolina, against J. W. Griffin, a citizen of the district and state of South Carolina, and other defendants, among them R. F. Lindsay and J. L. Merritt, both of them alleged to be of Greenville, in the district and state of South Carolina. Examining the bill, it will be seen that J. W. Griffin is an indispensable party to the suit. The prayer of the bill is to set aside a contract made by Griffin with his codefendant Samuel C. Koonce. So he cannot be eliminated from the suit. As this court, except on federal questions, cannot entertain jurisdiction, except in controversies between citizens of different states, it cannot entertain jurisdiction in a controversy between two citizens of South Carolina. In the circuit court every person complainant must be able to sue, and every person defendant must be liable to be sued, in the federal court. Clearwater v. Meredith, 21 How. 489, 16 L. Ed. 201. When one of the original defendants in the circuit court, who is an indispensable party, is a citizen of the same state as the plaintiffs, the court can have no jurisdiction on the ground of citizenship. Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287, 30 L. Ed. 435. There is no federal question in this case. True, it is with regard to a patent. But a federal question is presented only when it is to the infringement of a patent, and even then the suit can only be brought in the district of the residence of the defendant, or in any district in which the defendant shall have committed acts of infringement, and shall have a regular and established place of business. Act 1897 (29 Stat. 695); Desty, Fed. Proc. § 26a. See McMullan v. Bowers, 102 Fed. 494, 42 C. C. A. 472; Marsh v. Nichols, 140 U. S. 344, 11 Sup. Ct. 798, 35 L. Ed. 413.

The motion is granted. Let an order be entered quashing the service of the subpœna, and dismissing the bill for want of jurisdiction, without prejudice.