### OSTRANDER v. BLANDIN et al.

#### (District Court, N. D. New York. March 14, 1914.)

1. REMOVAL OF CAUSES (§ 118*)—AMENDMENT OF COMPLAINT—JURISDICTIONAL FACTS.

   Where a case is removed to a federal court, the complaint may be amended so that the citizenship of the parties and the jurisdictional amount in controversy shall appear on the face of the complaint.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig § 250; Dec. Dig. § 118.*]

2. BROKERS (§ 82*)—SALE OF LAND—ACTION FOR COMMISSIONS—COMPLAINT—DEMURRER.

   A complaint alleged that plaintiff was employed to sell certain timber land for not less than $500,000, in which case he should receive 5 per cent. of that sum, and in addition all of the purchase price in excess thereof. It further charged that, as a result of negotiations had by plaintiff with a lumber company, the latter purchased "the said property," and that the amount paid for the timber alone was $550,000, and the fee with the timber removed was worth $100,000; wherefore plaintiff sought to recover 5 per cent. on $500,000, $50,000, the excess of the sale price, and $100,000, the selling price of the land after the timber had been removed. Held, that the complaint should be construed as alleging a sale of the entire property for sums aggregating $650,000, and was therefore not demurrable as showing a failure of plaintiff to perform in that he sold the timber without the land.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

3. JUDGMENT (§ 237*)—PARTIES (§ 25*)—JOINT DEFENDANTS—FAILURE TO SERVE ONE.

   Code Civ. Proc. N. Y. § 1932, provides that where a complaint is against two or more defendants alleged to be jointly indebted, and the summons is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

served on one or more, but not on all, plaintiff may proceed against the defendants served unless the court otherwise directs, and may take final judgment against such defendants, which is conclusive of their liability, etc. Judicial Code, § 50 (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 149]), provides that where there are several defendants, and one or more of them are neither inhabitants of nor found within the district and do not voluntarily appear, the court may entertain jurisdiction and proceed to trial and judgment between the parties who are properly before it, but the judgment shall not conclude or prejudice others not regularly served with process nor voluntarily appearing, and nonjoinder of parties who are not inhabitants of nor found within the district shall not constitute matter of abatement or objection. *Held* that, under both provisions, plaintiff may make all of several joint debtors parties to the suit, though he can obtain service on only one of them, and may proceed and recover judgment against the one served without reference to the others.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 415, 418–421, 429; Dec. Dig. § 237;* Parties, Cent. Dig. §§ 31, 36–40; Dec. Dig. § 25.*]

At Law. Action by George N. Ostrander against Amos N. Blandin and another to recover commissions on a sale of timber land. On demurrer to complaint. Overruled.

Edward M. Angell, of Glens Falls, N. Y., for plaintiff.

J. B. McCormick, of Granville, N. Y., for defendant Blandin.

RAY, District Judge. A defect in the amended complaint appears which is not raised or presented by the demurrer, and which was not alluded to on the argument, but of which the court ought to take notice. This is an action to recover the compensation agreed to be paid the plaintiff by the defendants for negotiating and procuring the sale of certain premises or timber lands.

[1] The complaint alleges that the defendant Deerfield Lumber Company is a corporation of the state of Vermont, but contains no allegation or statement whatever as to the citizenship of the defendant Blandin, or of the plaintiff, Ostrander. For this reason it does not appear on the face of the amended complaint that this court has jurisdiction of the action. In some of the prior proceedings and papers used herein it has appeared that the defendant Blandin is not a citizen of the state of New York and was not when the action was commenced, but of some other state, and that the plaintiff then was a resident and citizen of the state of New York, thus showing the necessary diversity of citizenship. This should appear on the face of the amended complaint and also the jurisdictional amount in controversy, more than $3,000 exclusive of interest and costs.

By the act of March 3, 1911, "An act to codify, revise and amend the laws relating to the judiciary" (36 Stat. 1087, 1091, § 24), the jurisdiction of the District Court is defined, and section 28 of the same act provides for removal.

The District Court of the United States has jurisdiction "of all suits of a civil nature, at common law or in equity * * * or when the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars and * * * or is between citizens of different states."

An amended complaint may be served, and the parties can stipulate that the present demurrer stand as the demurrer thereto, or a new demurrer may be served; but this court to expedite matters will take up and pass on the question raised thereby as the record stands. The case being now in this court having been removed thereto by the defendants, the new pleadings should show the jurisdiction of this court at the time the action was commenced. As the necessary diversity of citizenship and the jurisdictional amount appear on the record, in the removal papers, and motions connected therewith, it is perhaps sufficient; but, as an amended complaint has been served, the better practice is to have the pleadings show jurisdiction in this court.

The amended complaint alleges that the defendant Deerfield Lumber Company is a corporation of the state of Vermont and that defendant Blandin is its president; that defendants are or were the owners, or the authorized and accredited agents and representatives of the owners, of certain forest lands in the state of Vermont; that on or about December 1, 1911, "the defendants employed plaintiff to negotiate and procure the sale of the above-described lands" to the International Paper Company and agreed to pay certain compensation for so doing. Also, that thereafter the plaintiff had certain negotiations with said International Paper Company for the sale of such lands, but while same were pending it "was further agreed between plaintiff and defendants that, in case plaintiff was instrumental in procuring any purchaser for said property for a sum not less than $500,000, defendants would pay plaintiff a commission of 5 per cent. on said price of $500,000, and in addition thereto pay plaintiff all the purchase price in excess of said sum of $500,000." Also, that thereafter the plaintiff negotiated a sale of said premises to the Rich Lumber Company, and that as a result of such negotiations the Rich Lumber Company did purchase the said property on or about October 1, 1912, and that such purchaser was found and procured by the plaintiff and by him introduced to the defendants, and that the said sale was made because of and through the instrumentality of plaintiff's services in the matter. Also, that the amount to be paid for the timber alone was $550,000, and the fee of the land with timber removed was and is worth $100,000. Also, that the defendants have refused and failed to pay as agreed, etc.

[2] The defendant Blandin urges, in support of his demurrer, that it appears on the face of the complaint that the undertaking of the plaintiff was to secure a purchaser of the property, as a whole, and that he only procured a purchaser of the timber or wood on the stump, same to be severed and leaving the land itself unsold. But even if this fact, if it be a fact, would defeat plaintiff's recovery, it does not so appear on the face of the complaint. The complaint, after setting out the contract and its modification and plaintiff's negotiations with the Rich Lumber Company, alleges as follows:

"As a result of said negotiations of plaintiff with said Rich Lumber Company, the Rich Lumber Company purchased the said property on or about October 1, 1912," and that the said purchaser was found, etc.

.This is a plain and comprehensive allegation that the whole property before described was purchased by the Rich Lumber Company. The allegations of paragraphs 6, 7, and 8 go to values of timber and land separately for the purpose of determining the price paid so as to fix the amount the plaintiff is entitled to recover. That is, the timber purchased was worth the sum of $550,000, and the land outside thereof with the timber off, the sum of $100,000, in all $650,000. This is accentuated by the fact that plaintiff demands judgment on the basis of a sale of the entire property, viz.: 5 per cent. commission on the selling price of the timber, $500,000, or $25,000; and $50,000, the excess of such sale over $500,000; and also $100,000, the selling price of the land after the timber was removed—or $175,000, in all. This demand of judgment can be based only on the theory that the entire property and all interest in it was sold. Hence the complaint must be construed as alleging a sale of the entire property for sums aggregating $650,000.

[3] The defendant Blandin also contends that a defect of parties defendant appears on the record. This contention is based on these facts: The action was brought in the state court and both defendants were served. The defendants before pleading removed the case into the United States court on the ground that the plaintiff is a citizen and resident of the state of New York, and both defendants citizens and residents of another state or of other states, and that the necessary jurisdictional amount is in controversy. After such removal, the defendants moved in this court to vacate and set aside the service of the summons made in the state of New York, Northern district, on the grounds that such service was obtained by trick, artifice, and fraud; and, second, as to the defendant Deerfield Lumber Company, that it had and has no property or business in the state of New York, that it did and does no business in the state of New York and had and has no place of business in that state and no property therein, and that its president on whom service was made in the state of New York was not here on business of said defendant company and doing business at the time for said company. The motion to set aside the service on the first ground (trick, artifice, and fraud) was denied as to both defendants, but as to defendant Deerfield Lumber Company granted on the second ground. This leaves both defendants, defendants on the record. Both are made parties defendant, but legal service has been made on the defendant Blandin alone. The action as to the Deerfield Lumber Company has not been dismissed. The service of the summons on it, alleged to have been made, has been set aside. That is, Blandin has been served with process, but defendant Deerfield Lumber Company has not been served. There is no defect of parties defendant on the face of the complaint or on the record, and, notwithstanding the fact that Deerfield Lumber Company has not been served, the action is properly brought and may be prosecuted to judgment.

Section 1932 of the Code of Civil Procedure of the state of New York provides as follows:

"In an action wherein the complaint demands judgment for a sum of money against two or more defendants, alleged to be jointly indebted upon contract,

if the summons is served upon one or more, but not upon all of the defendants, the plaintiff may proceed against the defendant or defendants upon whom it is served, unless the court otherwise ·directs; and, if he recovers final judgment, it may be taken against all the defendants thus jointly indebted."

The next section provides for the effect of such a judgment and is as follows:

"Such a judgment is conclusive evidence of the liability of each defendant, upon whom the summons was personally served, or who appeared in the action. Where it is taken against a defendant, upon whom the summons was served by publication, or without the state, pursuant to an order for that purpose, it has the effect, as against that defendant, specified in section 445 of this act. As against such a defendant, who is allowed to defend after judgment, or as against a defendant not summoned, it is evidence only of the extent of the plaintiff's demand, after the liability of that defendant has been established, by other evidence."

The result is that this action is properly brought and may be maintained notwithstanding no legal service of process has been made on the defendant jointly liable with Blandin who was legally served. And the question is further settled by section 50 of the Judicial Code of the United States, formerly section 737 of the Revised Statutes of the United States, which provides as follows:

"When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with · process nor voluntarily appearing to answer; and non-joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

This is derived from the act of 1839 (5 Stat. at L. 321). The effect of this is declared in Clearwater v. Meredith, 62 U. S. (21 How.) 489, 492 (16 L. Ed. 201) where the court said:

"It is well known that the act of 1839 was intended so to modify the jurisdiction of the Circuit Court (now District Court) as to make it more practical and effective. When one or more of the defendants sued were citizens of the state, and were jointly bound with those who were citizens of other states, and who did not voluntarily appear, the plaintiff had a right to prosecute his suit to judgment against those who were served with process; but such judgment or decree shall not prejudice other parties not served with process, or who do not voluntarily appear. Now, it is too clear for controversy that the act of 1839 did intend to change the character of the parties to the suit. The plaintiff may sue in the Circuit Court (now District Court) any part of the defendants, although others may be jointly bound by the contract who are citizens of other states."

It follows that, following the practice prescribed by either the Code of Civil Procedure of the state of New York (section 1932) or that formerly prescribed by the Revised Statutes of the United States (section 737, R. S., now section 50, Judicial Code of the U. S.), the plaintiff may make all the joint debtors parties, obtain service on one only, and proceed to judgment against the one so served whether service is obtained on the other or not.

211 F.—47

Demurrer overruled, with $10 costs, and defendant may answer, on payment of such costs, within 30 days after being served with an amended complaint.