### CALDER & RICHMOND v. E. W. ROSENTHAL & CO.

(District Court, S. D. Georgia, E. D.   May 6, 1918.)

COURTS ⟨⟩315—FEDERAL COURTS—JURISDICTION.

Under Judicial Code (Act March 3, 1911, c. 231) § 50, 36 Stat. 1101 (Comp. St. 1916, § 1032), declaring that where one or more of the defendants sued are neither inhabitants of nor found within the district in which suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to a trial and adjudication of the suit between the parties who are properly before it, but the judgment or decree rendered shall not conclude or prejudice other parties not regularly served, nor voluntarily appearing, and that nonjoinder of parties who are not inhabitants of nor found within the district shall not constitute matter of abatement or objection, and in view of Civ. Code Ga. 1910, § 3167, providing for judgments against a firm on service of process on one partner, and section 5596, declaring that the holder of a written obligation signed by two or more persons may proceed against the survivors in case of the death of one, the District Court for the Southern District of Georgia has jurisdiction of a suit for breach of a partnership contract, though only one of the partners resided within the district and was served.

At Law. Action by Albert L. Calder and H. Anson Richmond, copartners doing business as Calder & Richmond, against E. W. Rosenthal and E. B. Hackburn, composing the firm of E. W. Rosenthal & Co. The first-named defendant, who alone was served, appeared and moved to dismiss on the ground of want of jurisdiction. Motion denied.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Osborne, Lawrence & Abrahams, of Savannah, Ga., for plaintiffs.

Garrard & Gazan and O'Byrne, Hartridge & Wright, all of Savannah, Ga., for defendants.

BEVERLY D. EVANS, District Judge. The action is by Albert L. Calder and H. Anson Richmond, copartners using the firm name of Calder & Richmond, against E. W. Rosenthal, a resident of the Eastern division of the Southern District of Georgia, and E. B. Hackburn, a resident of North Carolina, composing the firm of E. W. Rosenthal & Co., for an alleged breach of a written obligation signed by E. W. Rosenthal & Co. There was service on E. W. Rosenthal, who made a special appearance for the purpose of moving to dismiss the suit, on the ground that the petition discloses that the District Court of the Southern District of Georgia has no jurisdiction, since it appears on the face of the petition that one of the defendants does not reside in the state of Georgia, and that such nonresident defendant is an indispensable party. A demurrer to the same effect was also filed by the resident defendant. The case is before me for decision on the question of jurisdiction.

By the eleventh section of the Judiciary Act of 1789 (1 Stat. 78) no civil suit can be brought in a court of the United States against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. "If there are several co-plaintiffs," says Mr. Justice Field, "the intention of the act is that each plaintiff must be competent to sue, and, if there are several codefendants, each defendant must be liable to be sued, or the jurisdiction cannot be entertained." Coal Company v. Blatchford, 11 Wall. 172, 20 L. Ed. 179. See, also, Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635.

By the act of 1839, the first section of which appears in substantial form as section 50 of the Judicial Code, where one or more of the defendants sued are citizens of the state, and are joined with others who are citizens of other states, and who do not voluntarily appear, the plaintiff has a right to prosecute his suit to judgment against those who are served with process, but such judgment will not prejudice other parties not served with process, or who do not voluntarily appear. The plaintiff may sue in the United States court any part of the defendants, although others who are jointly bound by the contract are citizens of other states, and who will not be prejudiced by the procedure. Clearwater v. Meredith et al., 21 How. 489, 16 L. Ed. 201. In that case four persons made a contract with a citizen of Ohio, three of whom were residents and citizens of Indiana, and the fourth resided in another state, and it was held that an action on the contract was maintainable in the United States court of Indiana without the joinder of the nonresident contractor.

In Smith et al. v. Consumers' Cotton Oil Company et al., 86 Fed. 359, 30 C. C. A. 103, a case decided by the Circuit Court of Appeals of the Fifth Circuit, two corporations of the state of Illinois brought a suit against "Ralph P. Smith, Edward A. Peden, and David D. Pe-

den, Sr., late copartners doing business under the firm name and style of Smith, Peden & Co., at the cities of Houston and Waco, in the state of Texas," all of whom were alleged to be citizens of Texas. The defendant Ralph P. Smith, though not served with process, voluntarily appeared and answered by a plea to the jurisdiction of the court, to the effect that he was a necessary party, and that he was at the time of the bringing of the suit a citizen of the state of Illinois, of which state the plaintiffs were citizens. The trial court allowed the plaintiffs to amend their petition, so as to make only the Pedens, citizens of Texas, defendants to the suit, and, on Smith's plea to the jurisdiction, to dismiss him from the suit without prejudice. On appeal it was held that the action of the court was fully authorized by the act of February 28, 1839 (Rev. Statutes, § 737), which is in substance section 50 of the Judicial Code.

Prior to the act of 1839 it was held by the Supreme Court of the United States that a suit against copartners on a partnership obligation, brought in a state where by the law of that state partners were bound severally as well as jointly, was maintainable against resident partners, without joinder of a nonresident partner as a defendant. Breedlove & Johnson v. Nicolet et al., 7 Pet. 413, 8 L. Ed. 731. In the course of the opinion Chief Justice Marshall observed:

"On the principles of the civil law (the suit being in Louisiana where the civil law prevails) it would seem, that the defendants may be required to account for not joining the third promisor, * * * not for joining two of them."

In Georgia the holder of a written obligation signed by two or more persons may proceed against the survivors in case of the death of one of them. Civil Code, § 5596. A Georgia statute also provides that judgments may be entered up and execution issued against a firm, and service of process on one partner, with a return of non est inventus as to the others, shall authorize a judgment against the firm binding all the firm assets and the individual property of the one served. Civil Code, § 3167. In England, by the common law, if suit be brought upon a joint contract, if both parties are alive and within the realm, they must both be sued, and a judgment cannot be rendered against one, until the other is prosecuted to outlawry; but the rule has been changed by statute in this state. Raney v. McRae, 14 Ga. 589, 60 Am. Dec. 660.

Following the precedents above adverted to, I think that the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the plaintiffs and the resident defendant, without prejudice to the nonresident defendant. Perhaps it might be more formal to allege that no judgment is prayed against the nonresident.

Let an order be taken conformably to the views herein expressed.