FIRST NAT. BANK OF CANTON, PA., v. WILLIAMS, Comptroller of the Currency.

(District Court, M. D. Pennsylvania. October 11, 1919.)

No. 275.

1. COURTS ⬥⇒344—SERVICE OF PROCESS OUTSIDE OF DISTRICT CAN BE MADE ONLY UNDER STATUTE.

Service of process of a federal court outside the district in which suit is brought can be made only by authority of special statutory provision.

2. COURTS ⬥⇒270—SUIT BY BANK AGAINST COMPTROLLER OF CURRENCY MUST BE BROUGHT IN DISTRICT OF COMPLAINANT.

Judicial Code, §§ 24 (16), 49 (Comp. St. §§ 991[16], 1031), providing that a suit brought by a national bank to enjoin the Comptroller of the Currency under the provisions of the National Banking Act shall be brought in the district where the bank is located, relate only to suits brought under Rev. St. § 5237 (Comp. St. § 9824), and a suit by a national bank to enjoin acts by the Comptroller alleged to be in excess of his authority is one under the general equity jurisdiction of the court, and can only be maintained in the district of which defendant is an inhabitant.

In Equity. Suit by the First National Bank of Canton against John Skelton Williams, Comptroller of the Currency. On motions by defendant to quash return of service and to dismiss for want of jurisdiction. Motions granted.

John B. Stanchfield, Charles Collin, and Henry F. Wolff, all of New York City, and John P. Kelly and M. J. Martin, both of Scranton, Pa., for complainant.

La Rue Brown, Jesse C. Adkins, and M. C. Elliott, all of Washington, D. C., and Rogers L. Burnett, of Scranton, Pa., for defendant.

WITMER, District Judge. The First National Bank of Canton, Bradford county, Pa., brought this bill in equity to enjoin John Skelton Williams, Comptroller of the Currency, from alleged threatened injury said to result from certain methods employed in the examination of the complainant bank, and in insisting upon special reports said to be ruinous and unauthorized by law. The bill arraigns the defendant with exceeding and abusing his lawful powers, or in exercising such powers arbitrarily, fraudulently, and for improper and illegal purposes, thereby threatening irreparable injury, and it seeks control of defendant's future action. The title of the suit was originally directed against the defendant Williams personally, but the body of the bill disclosed a suit charging Williams as Comptroller. On motion an amendment of the title corresponding to this effect was allowed.

Upon filing of the bill a restraining order was granted ex parte, and a rule was entered to show cause why a preliminary injunction should not issue. The defendant, Williams, being a citizen of Virginia and resident of the District of Columbia, and not to be found within this

district, copies of the subpœna were handed to the United States attorney of the district, and others were mailed to the defendant's official residence in the District of Columbia. The defendant appeared specially for the sole purpose of objecting to the jurisdiction, and moved to quash the return of service and to dismiss the proceeding for lack of proper service. The motions were denied, and, after filing also the usual motion to dismiss the bill for want of equity, the defendant filed affidavits, and the hearing proceeded on affidavits of the parties on the rule for a preliminary injunction.

Since hearing further argument of counsel, and upon careful examination of their briefs and the authorities presented, I have reached the conclusion that it was error to deny defendant's preliminary motions. The defendant's contention that this court has not acquired and cannot acquire jurisdiction in this case, either, in view of the manner of attempted service, over the person of the defendant or over the subject-matter of the cause, must be affirmed.

[1] Service of process outside the district in which suit is brought is warranted only by authority of special statutory provision. Green v. Railway Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916. In Cely v. Griffin (C. C.) 113 Fed. 981, the rule and its exceptions were clearly indicated as follows:

"The general rule is that the Circuit Court for each district sits in and for that district, and the process of a Circuit Court cannot be served without the district in which it is established without the special authority of law, therefor. Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093. The only case where this rule is not in force is when there is suit in equity commenced in any court of the United States to enforce any legal or equitable lien or claim against real or personal property within the district where such suit is brought, and one or more of the defendants is not an inhabitant of or found within said district, the court can make an order requiring such defendant to appear, answer, or demur on a day certain—said order to be served on said absent defendant, if practicable; if not, to be published (Rev. St. U. S. § 738 [Comp. St. § 1039]); and also the case of an action brought for the infringement of a patent. (Noonan v. Athletic Club [C. C.] 75 Fed. 334)."

[2] But it is asserted by plaintiff that such exceptional provision authorizing the bringing of this suit is found in sections 24, clause 16 (U. S. Comp. Stat. § 991), and 49 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1100 [U. S. Comp. Stat. § 1031]), wherein it is provided as follows:

"Sec. 24. *Original Jurisdiction.*—The district courts shall have original jurisdiction as follows: * * *

"Sixteenth. * * * Of all suits brought by any banking association established in the district for which the court is held, under the provisions of title 'National Banks,' Revised Statutes, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by said title. And all national banking associations established under the laws of the United States shall, for the purposes of all other actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located."

"Sec. 49. *Proceedings to enjoin Comptroller of the Currency.*—All proceedings by any national banking association to enjoin the Comptroller of the Currency, under the provisions of any law relating to national banking associations, shall be had in the district where such association is located."

The injunction proceedings mentioned in these provisions are such as are expressly authorized and provided for by statute pertaining to national banks. From an examination of the subject it appears that the only provision made authorizing such proceedings does not apply to injunction proceedings to enjoin the Comptroller as in the case at bar attempted, but to restrain him under certain circumstances when proceeding against such bank for alleged refusal to redeem its circulating notes, as provided in section 5237, Revised Statutes (Comp. St. § 9824), following:

"Whenever an association against which proceedings have been instituted, on account of any alleged refusal to redeem its circulating notes as aforesaid, denies having failed to do so, it may, at any time within ten days after it has been notified of the appointment of an agent, as provided in section 5227, apply to the nearest circuit, or district, or territorial court of the United States to enjoin further proceedings in the premises; and such court, after citing the Comptroller of the Currency to show cause why further proceedings should not be enjoined, and after the decision of the court or finding of a jury that such association has not refused to redeem its circulating notes, when legally presented, in the lawful money of the United States, shall make an order enjoining the Comptroller, and any receiver acting under his direction, from all further proceedings on account of such alleged refusal."

While interesting and often of much assistance in construing statutes, a review of the chronological legislation following National Bank Act June 3, 1864, c. 106, §§ 50–57 (13 U. S. Stat. pp. 115–117), as well as consideration of the original act itself which bears the provisions of section 5237, Rev. Stat. under section 50, as also section 49 of the Judicial Code under section 57 (Comp. St. § 1031), does not evince any conclusion on the part of Congress to authorize any other proceeding than that clearly expressed by the provision quoted. That there may be proceedings maintained against the Comptroller, as well as against other public officials, to restrain action said to be unauthorized by statute, as here attempted, is not doubted, but when so sued it cannot be said that such proceeding is one arising under the provisions of the National Banking Act. It would merely amount to the ordinary suit in equity to restrain his unwarranted conduct in the exercise of official action as in the case of Philadelphia Co. v. Stimson, 223 U. S. 605, 32 Sup. Ct. 340, 56 L. Ed. 570; American School of Magnetic Healing v. McAnulty, 187 U. S. 94, 23 Sup. Ct. 33, 47 L. Ed. 90, whereof, as was said in the latter case by Mr. Justice Peckham, "the courts generally have jurisdiction to grant relief."

The questions here raised were fully discussed by Judge Woodruff in Van Antwerp v. Hulburd, 7 Blatchf. 426, Fed. Cas. No. 16,826. Action was brought in the Northern district of New York by Van Antwerp, as assignee of the interest of the National Bank of Unadilla in certain bonds deposited with the Treasurer of the United States, against Hulburd, Comptroller of the Currency, and others, to compel the Comptroller and the Treasurer to disclose what disposition had been made of the bonds, and to obtain a decree directing these officers as to their duty and authority as to said bonds. Referring to the fifty-seventh section of the act of 1864, now section 49 of the Judicial Code, the court said:

"But there is a proviso to the fifty-seventh section, which, it is claimed, warrants the present suit. That proviso is in these terms: 'Provided, however, that all proceedings to enjoin the Comptroller under this act. shall be had in a Circuit, District, or territorial court of the United States, held in the district in which the association is located.' It is argued that, because the present suit is brought to obtain an injunction, and appertains to the alleged rights of the plaintiff to bonds deposited in pursuance of the Act, therefore this proviso declares that this suit shall be brought in this or some other federal court, and, by necessary implication, gives this court jurisdiction to summon the Comptroller, if not also the Treasurer of the United States, to appear therein and answer. This is a violent construction, I think, to the language of a proviso which is in the form of limitation, not of affirmative authorization, and has, I think, no such meaning. What are the proceedings which may be had to enjoin the Comptroller 'under this act'? No section provides for or refers to such a suit as the present."

Considering various sections of the act of 1864, the court came to speak of section 50, and of the proviso thereto, asserting that the effect of this proviso was limited to the particular case where the Comptroller appointed a receiver for a national bank on the ground that it has refused or failed to pay certain notes, and suggested that in those cases it was important that a bank should have a speedy and convenient means of correcting the possible mistaken decision of the Comptroller, concluding its discussion by saying:

"I find no other circumstances in which proceedings to enjoin the Comptroller under the act are authorized by it. * * * What I mean to say is that such a case is not provided for in the act in question, save as above stated and commented upon; and the court must seek its jurisdictional power over the subject-matter, and over the persons of the defendants, in some source other than the Act referred to."

While section 56 of the act of 1864, now section 380, Rev. Stat. (Comp. St. § 556), directs that the several United States Attorneys of the district shall conduct suits in which the United States or its officers or agents shall be parties, it will be noted that the suits and proceedings in which the district attorney is authorized to act are limited to suits and proceedings arising out of the provisions of this act; that is, the act of 1864. This provision, in effect, has no tendency to enlarge the jurisdiction of the court in respect of suits brought; it merely serves to indicate, as is plainly expressed, that where suits are properly brought arising out of the provisions of the Banking Act, and the government or its agents are parties, the district attorneys shall conduct the proceedings on their behalf. It is not doubted but that the proceedings under the provisions to which reference is made are those provided for in section 50 of the act, having to do purely with the official acts, exercised in good faith and within the discretion of the officer. Where the action is one directed against the officer for misfeasance, or conduct without the statute, it seems not likely to expect that the Congress would provide means whereby the proceedings would be conducted, nor does it seem probable that it would be supposed that the officer would be always satisfied to accept such proffered assistance. Being in the nature of a personal suit, it is altogether natural that he would not be satisfied

short of conducting his own proceeding. In the event and under the circumstances there is no reason why the Comptroller, when so charged, should not have the benefit of the jurisdiction to try his suit as generally provided by statute. If so, this court could not entertain the present suit.

Such suit being without any of the exceptions mentioned in the Judicial Code, section 51 (Comp. St. § 1033) thereof is controlling. Under it:

"No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

If jurisdiction is said to be founded upon the latter provision, that of diverse citizenship alone, the reply is that the defendant has not been brought into court upon the service attempted; if upon the former, it being conceded that jurisdiction is founded, not alone on diverse citizenship, but also on the ground that a federal question being involved, which is the case here, as appears from the allegations in the bill, suit can only be brought in the district of the residence of the defendant. Cound v. Atchison, Topeka & Santa Fé Ry. Co. (C. C.) 173 Fed. 527; Whittaker v. Illinois Central R. Co. (C. C.) 176 Fed. 130.

Looking at the matter from any and every angle presented by the plaintiff, this suit cannot be here entertained. The defendant's several motions to quash the service and to dismiss for want of jurisdiction are reinstated and allowed.

The bill is accordingly dismissed.